1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SPREAD YOUR WINGS, LLC, et al.,

Plaintiffs,

v.

AMZ GROUP LLC,

Defendant.

Case No. 20-cv-03336-VKD

**ORDER DENYING MOTION FOR FEES AND DENYING MOTION TO STAY TRANSFER**

Re: Dkt. Nos. 48, 49

The Ninth Circuit having denied plaintiffs' petition for writ of mandamus, on August 6, 2021 the Court lifted the stay on its September 25, 2020 order transferring this matter to the Eastern District of New York. Dkt. Nos. 28, 47. On August 18, 2021, plaintiffs moved for a "continued stay" of the transfer order pending the intended filing of a petition for writ of certiorari with the U.S. Supreme Court. Dkt. No. 48. Shortly after, defendant separately moved for an award of attorney's fees incurred in connection with the mandamus proceedings before the Ninth Circuit. Dkt. No. 49. For the reasons discussed below, both motions are denied.

**A. Defendant's Motion for Fees**

The parties dispute whether this Court properly may award defendant's appellate fees when defendant indisputably did not seek fees from the Ninth Circuit in the first instance. In *Cummings v. Connell*, 402 F.3d 936 (9th Cir. 2005), which involved a request for fees under 42 U.S.C. § 1988, the Ninth Circuit held that "pursuant to Ninth Circuit Rule 39-1.6, a request for attorney's fees incurred on appeal must be made to us, not to the district court. The district court is not authorized to award attorney's fees for an appeal unless we transfer the fee request to the district court for consideration." *Id*. at 940. Approximately six months later in a different case,

the Ninth Circuit affirmed the district court's award of fees incurred on appeal, pursuant to 17

U.S.C. § 505, even though the request for fees had not been made to the Ninth Circuit in the first

instance.  *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869 (9th Cir. 2005)

(internal quotations and citation omitted), *abrogated on other grounds in Rimini Street, Inc. v.*

*Oracle USA, Inc*., 139 S. Ct. 873 (2019)).  *Twentieth Century Fox* does not address *Cummings*.

In *Natural Resources Defense Council, Inc. v. Winter*, 543 F.3d 1152 (9th Cir. 2008),

which concerned an award of fees under Equal Access to Justice Act ("EAJA"), the Ninth Circuit

noted the apparent conflict between *Cummings* and *Twentieth Century Fox*, but explained that

unlike the fee-shifting statutes 42 U.S.C. § 1988 and 17 U.S.C. § 505, the EAJA expressly states

that "'a court shall award to a prevailing party other than the United States fees and other expenses

. . . incurred by that party in any civil action . . . brought by or against the United States *in any*

*court* having jurisdiction of that action . . ..'"  *Id*. at 1164 (quoting 28 U.S.C. § 2412(d)(1)(A).

The Ninth Circuit concluded that the EAJA thus "indicates that the district court may properly

award fees for *all* levels of litigation."  *Id*.  To the extent the Ninth Circuit's rules might be

inconsistent, the Ninth Circuit stated that the EAJA controls.  But the court also pointed out that

Ninth Circuit Rule 39-1.6 is not inconsistent because the rule expressly states that the Ninth

Circuit's timing and filing provisions apply "[a]bsent a statutory provision to the contrary."  *Id*.

(citing Ninth Circuit Rule 39-1.6).

Defendant does not deny that it did not seek its appellate fees from the Ninth Circuit in the

first instance.  Courts generally have followed *Cummings* and denied motions for appellate fees

where the requesting party did not seek those fees from the appellate court.  *See generally DuFour*

*v. Allen*, No. 2:14-cv-05616-CAS (SSx), 2017 WL 2259220, at *4 (C.D. Cal. May 22, 2017)

(citing cases).  Moreover, unlike *Winter*, defendant has not cited statutory language indicating that

this Court may properly award fees for all levels of litigation.[1]  In any event, defendant purports to

---

[1] Although defendant cites to California Civil Code § 1717(a), it points to no language in that statute authorizing this Court to award appellate fees at all levels of litigation.  In any event, as noted in the Court's September 25, 2020 order, the agreements at issue are governed by New York law.  Dkt. No. 28 at 5-6.

United States District Court
Northern District of California

1   seek fees pursuant to the agreements at issue, although no determination has been made as to the

2   merits of any claim or defense.  Because defendant has not shown that this Court properly may

3   award the requested fees, defendant's motion is denied.

4   **B.      Plaintiffs' Motion to Stay**

5   Plaintiffs request a stay pending the filing of a petition for writ of certiorari with the

6   Supreme Court.  "A stay is not a matter of right," and "is instead an exercise of judicial discretion"

7   that "depend[s] upon the circumstances of the particular case."  *Nken v. Holder*, 556 U.S. 418, 433

8   (2009) (internal quotations and citations omitted).  "The party requesting a stay bears the burden

9   of showing that the circumstances justify an exercise of that discretion."  *Id*. at 433-34.  In

10  determining whether to grant a stay, courts are guided by four factors:  "(1) whether the stay

11  applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the

12  applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will

13  substantially injure the other parties interested in the proceeding; and (4) where the public interest

14  lies.'"  *Id*. at 434 (internal quotations and citation omitted).  In applying the *Nken* factors, the

15  Ninth Circuit has adopted a "'sliding scale approach' . . . whereby the elements . . . of the test are

16  balanced so that a stronger showing of one element may offset a weaker showing of another.'"

17  *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (quoting *Alliance for the Wild Rockies v.*

18  *Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)).  Nevertheless, "[t]he first two factors of the

19  traditional standard are the most critical."  *Nken*, 556 U.S. at 434.  "Once an applicant satisfies the

20  first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party and

21  weighing the public interest."  *Id*. at 435.

22  Here, plaintiffs have not made any showing regarding the first two critical factors.  They

23  simply say that they "will likely need to file an amended complaint following transfer" to the

24  Eastern District of New York and that defendant will not be prejudiced by a stay.  Dkt. No. 48 at

25  2.  Plaintiffs have not explained how or why they are likely to succeed on the merits or will be

26  irreparably injured, if at all, absent a stay.  Nor have they articulated any basis to find any injury to

27  the public interest if a stay is not granted.  Moreover, the Court observes that its September 25,

28  2020 transfer order has already been stayed for the better part of a year.  Plaintiffs' present request

United States District Court
Northern District of California

for a "continued stay" was made nearly two weeks after the Court lifted the stay.  Plaintiffs motion to reinstate the stay of the Court's September 25, 2020 transfer order is denied.  The Clerk of Court shall promptly process the transfer of this matter to the Eastern District of New York.

**IT IS SO ORDERED.**

Dated: October 8, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge

United States District Court
Northern District of California